**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**ALFRED H. DICKERSON,**

**Plaintiff,**

**vs.** **CASE NO. 1:06CV165-MP/AK**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

**Defendant.**

**_____________________________/**

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

## A. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on October 4, 2002, alleging a disability onset date of May 2, 2001, because of diabetes, hypertension, and back and knee pain. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on October 20, 2004, and entered an unfavorable decision on January 21, 2005. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

## B. FINDINGS OF THE ALJ

The ALJ found that Plaintiff was insured for disability benefits through December 31, 2003. (R. 18). Plaintiff last worked in April or May 1998 and had worked as a corrections officer from 1970 to 1998, most recently as a supervisor when he sat six out of eight hours, stood for 1 to 1 1/2 hours a day, walked for about a half hour, and completed performance appraisals and incident reports. (R. 18-19). The ALJ found that the reports of Drs. Dorman, Chodosh, and the DDS physicians all found Plaintiff capable of performing light work activity and the vocational expert testified at the hearing that his previous work as a corrections supervisor was light and he could perform it. The ALJ found Plaintiff’s conditions to likely result in mild to moderate levels of pain, but that his allegations of the intensity and limitations caused by this pain were not credible in light of his self-described daily activities, particularly with regard to his farm. Thus, having found Plaintiff capable of performing his past relevant work, the ALJ concluded that he was not disabled.

## C. ISSUES PRESENTED

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff could perform his past relevant work, specifically that the ALJ failed to consider the opinion of Plaintiff's treating physician, Dr. David A. Thompson. Further, Plaintiff argues that the ALJ failed to adhere to the Eleventh Circuit's pain standard and improperly found Plaintiff's subjective complaints not credible without just cause, specifically the ALJ misinterpreted Plaintiff's testimony about his farm related activities.

The government responds that Dr. Thompson did not make an opinion as to Plaintiff's ability to do work related activities, but the ALJ did cite to the opinions of Dr. Doman and Chodosh, who specifically evaluated Plaintiff's work abilities and limitations. Further, the ALJ considered Plaintiff's allegations of pain, but concluded from the objective medical evidence and Plaintiff's reported daily activities that the pain was not of the severity Plaintiff reported. Finally, the disability rating by the Veterans Administration would normally be given great weight, but the rating concerned a time after Plaintiff was no longer insured.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D. STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and

the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff’s impairments,

Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Treatment notes from Dr. David Thompson show treatment for kidney stones, hypertension and diabetes from 1998 to 2004. (R. 225-298, 528-565). There are no functional assessments or opinions rendered about Plaintiff's ability to work in these notes.

Plaintiff received treatment at the Veterans Administration from 2001 through 2003. (R. 312-415). Dr. Dorman was his treating physician for pain management (R. 411), and Plaintiff was referred to Dr. Ruffin for mental health treatment. (R. 407-411).

Dr. Dorman completed a questionnaire on February 12, 2003, and stated that he had severely restricted range of motion in spine, cannot lift objects over 20 pounds, cannot stand for long periods of time, cannot stand for long periods of time and cannot bend because of his back problems. She stated that he would need muscle relaxers and pain medication to be comfortable. (R. 332-333).

Dr. Ruffin completed a questionnaire on January 18, 2003, and he found that Plaintiff 's chronic pain was a contributing factor to his anxiety and depression. (R. 334-335).

MRI of the left shoulder in August 2003 shows AC joint arthrosis with narrowing of C6-C7 from disc disease. (R. 520-521, 526). MRI of the lower back on April 22, 2003, shows he has impingement of left L4 nerve root in the neural foramen secondary to a broad based disc bulge, apparently stemming from an injury in 1969. (R. 403, 382). Plaintiff was referred for a neurological and/or surgical consultation. (R. 403, 382). [It is not clear that this consultation took place or any surgery scheduled or considered.]

Dr. Lance Chodosh conducted a consultative examination on April 22, 2003, and found that Plaintiff was capable of light work levels. (R. 299-303). He reviewed x-rays of Plaintiff's shoulder and lower back which showed only mild degenerative changes. He also conducted a range of motion study which was normal. (R. 303).

**F. <u>SUMMARY OF THE ADMINISTRATIVE HEARING</u>**

Plaintiff was 55 years old at the time of the hearing. (R. 35). He had not worked since 1998. (R. 36). He completed high school and the equivalent of one year in college. (R. 36). He was formerly a corrections officer at the Sheriff's Department from 1970 until he retired in May 1998. (R. 37). He described his duties there as seeing that the inmates were fed, getting them out to recreation, taking them to appointments, and standing guard, which was mostly an "on-your-feet" kind of job. (R. 39). Towards the latter part of his career, 1997 and 1998, he sat 6.5 hours most days. (R. 40). He quit

work at the advice of his mental health counselor because of the stress, anxiety and depression. (R. 41-42). He had started making mistakes on the job, his evaluations were not as good, he let the wrong inmate out once, and he had also hurt his knee in 1994, had lower back pain, and diabetes, which fatigued him. (R. 42-43). Presently, the pain in his lower back is at a 7 on a scale of 10, and his knee is about the same. (R. 45). His left shoulder is also painful. (R. 46). For pain he uses a cream and Acetaminophen. (R. 47). He describes his many activities on the farm and working his garden. (R. 48-64).

The vocational expert classified his corrections supervisor job as usually sedentary, but as Plaintiff described it and as it was actually performed, it was light. (R. 64-65). The hypothetical given to the expert was sitting, standing and walking six hours out of an eight hour day. Lifting up to 20 pounds, only occasional bending, stooping, stairs, crouching, kneeling. No crawling or reaching behind the body with his left arm, and the expert stated that none of these restrictions would prohibit Plaintiff from performing his past relevant work as he described it or as it is listed in the DOT. (R. 65-66).

## G. DISCUSSION

### a) Opinion of Dr. David Thompson

Plaintiff is correct that if a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). However, Dr. Thompson does not give an opinion about Plaintiff's limitations and his treatment notes do not support the conclusion Plaintiff insists the ALJ should have reached. Dr. Dorman is also Plaintiff's treating physician and the ALJ specifically adopted her opinion on Plaintiff's physical limitations, which he included in a hypothetical to the expert present at the hearing. Thus, there is no support in the record for Plaintiff's contention that the ALJ ignored Dr. Thompson's opinion without good cause.

b) Pain Standard and Plaintiff's credibility

The standard Plaintiff refers to is set forth in Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986):

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). "While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v. Bowen, 826

F.2d 996, 1003 (11th Cir. 1987). Standing alone, however, a claimant's testimony of pain is not conclusive evidence of disability. Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). If the Commissioner rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be based on substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). The failure to articulate adequate reasons for discrediting pain testimony mandates that the testimony be accepted as true as a matter of law. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ specifically acknowledged that the conditions of which Plaintiff complains “could reasonably cause him some mild to moderate pain.” (R. 27). He refers to the objective medical tests, specifically the MRI of Plaintiff’s neck, shoulder and lower back, which show nerve impingement. (R. 22). However, he also articulates his reasons for not finding Plaintiff’s allegations to be entirely credible based on, “[t]he Claimant’s testimony at the hearing regarding his work around his farm supports a finding that he is capable of performing a reduced range of light work. This testimony is corroborated by evidence in the record indicating that the claimant acknowledged exercising regularly through yard work.” (R. 28).

The ALJ described Plaintiff’s testimony about his daily activities as this:

> Regarding his daily activities, the claimant said he works around the farm, fills the water trough, works in the garden, mows the yard (which takes an hour to an hour and a half), and watches television. The claimant testified that he has seventeen acres, eight cows, sixteen goats, and six hogs. He said he makes sure they all have water, goes to the feed store, sprays and feeds animals, purchases hay, puts it out and moves it about with the

> tractor. The claimant testified that a block of dewormer weighs about 25 pounds and that he uses a two gallon sprayer which requires pumping for spraying the animals. He said the he dug post holes as recently as 2002 or 2001. The claimant said he uses a tractor to plant and spray his garden, which occupies less than an acre, and that his son harvests the vegetables. He acknowledged using a hoe to weed the garden. (R. 19).

The undersigned has read carefully the testimony of the Plaintiff regarding his daily activities and can find no substantive variance in the description set forth above and the testimony at the hearing. (R. 48-63). Also, the ALJ relied upon the opinions of two physicians, as well as two non-examining physicians, who found Plaintiff capable of performing activities consistent with light work. Given the significant physical activities Plaintiff described he did on a regular basis around his farm, the ALJ concluded that even though Plaintiff had mild to moderate pain, the pain was not severe enough to be considered a non-exertional limitation. Pain is only a nonexertional impairment if it significantly limits basic work activities. See Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995. Thus, there was substantial evidence to support the ALJ's findings regarding the degree of pain and limitation Plaintiff was experiencing and it effect on his ability to work.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED.**

At Gainesville, Florida, this ***27***[th] day of March, 2008.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**