IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALFRED H. DICKERSON,

    Plaintiff,

v.                                          CASE NO. 1:06-cv-00165-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendation of the Magistrate Judge, recommending that the Commissioner of Social Security's decision denying Plaintiff's application for supplemental security income benefits filed under Title XVI of the Social Security Act, be affirmed. The Magistrate Judge filed the Report and Recommendation on Wednesday, February 27, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

After a hearing on October 20, 2004, the Administrative Law Judge ("ALJ") found that because Plaintiff's limitations did not preclude him from performing his past relevant work as a corrections supervisor, Plaintiff was not disabled under the Social Security Act. Under 42 U.S.C. § 405(g), the Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff argues that substantial evidence does not support the ALJ's conclusion that Plaintiff could perform his past relevant work, and that the ALJ failed to consider

the opinion of Plaintiff's treating physician.

The Magistrate acknowledges that although a well-supported opinion by the treating physician on the nature and severity of a claimant's impairments must be given controlling weight by the ALJ, because Dr. Thompson never gave an opinion about Plaintiff's limitations, the ALJ did not need to give any weight to Dr. Thompson's opinion.  Furthermore, the Magistrate points out that the ALJ specifically adopted the opinion of Plaintiff's treating physician, Dr. Dorman, on Plaintiff's physical limitations.  In his objections, Plaintiff contends that although the ALJ relied on the opinion Dr. Dorman, because the hypothetical did not include every limitation found by Dr. Dorman, the ALJ's conclusion is not supported by substantial evidence.  The ALJ, however, also relied on the opinion of Dr. Chodosh that Plaintiff could sit, walk, and stand normally; that he could bend at the waist at least occasionally; and that he could lift, carry, and handle moderate loads for short periods of time.  The ALJ found that the opinions of Dr. Dorman and Dr. Chodosh were generally consistent with each other, and the ALJ made the residual functional capacity determination on all the evidence of record, including these medical opinions.  After reviewing the record, the Court agrees with the Magistrate that substantial evidence supports the ALJ's decision that Plaintiff could perform his past relevant work.

Plaintiff also argues that the ALJ erred in disregarding his subjective complaints of pain.  The ALJ found that Plaintiff's conditions could reasonably cause mild to moderate pain, but found that Plaintiff's complaints were not credible on account of Plaintiff's testimony as to his daily work on his farm.  In his objections, the Plaintiff states that since these farm work activities are at best done on a weekly basis, they cannot be relied upon as substantial evidence to discredit

the Plaintiff's testimony.  The ALJ also disregarded Plaintiff's subjective complaints of pain based on the opinions of two physicians and two non-examining physicians, who found Plaintiff capable of performing activities consistent with light work.  Therefore, the Court agrees with the Magistrate that substantial evidence supports the ALJ's decision regarding Plaintiff's subjective complaints of pain.

The expert testimony and medical evidence provided the Administrative Law Judge with ample evidence to conclude that Plaintiff could perform his past relevant work, and that he was therefore not disabled under the Social Security Act.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 15, is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *14th* day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge